[Cite as *State v. Graham*, 2014-Ohio-1024.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130375 |
| | | TRIAL NO. B-1300494B |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ANDREW GRAHAM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:    Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  March 19, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Presiding Judge.**

{¶1}    Defendant-appellant Andrew Graham pled guilty to robbery under R.C. 2911.02(A)(2).    The trial court imposed a sentence of seven years' imprisonment.

{¶2}    Because the trial court failed to properly notify Graham about his postrelease-control obligations, we remand this cause for the trial court to correct that portion of Graham's sentence and provide the required postrelease-control notification.  The trial court's judgment is otherwise affirmed.

### *Postrelease Control*

{¶3}    Graham raises two separate arguments in his first assignment of error. He first contends that the trial court erred by failing to notify him during his sentencing hearing about the potential consequences for violating postrelease control.  The state concedes in its appellate brief that the trial court failed to properly notify Graham about his postrelease-control obligations.

{¶4}    Pursuant to R.C. 2967.28(B), because Graham pled guilty to a felony of the second degree, he was subject to a three-year period of postrelease-control supervision following his release from prison.  The trial court was required under R.C. 2929.19(B)(2)(c) to notify Graham that he would be so supervised.  The trial court was also required to notify Graham that, if he violated a term or condition of his postrelease control, the parole board could impose a prison term of up to one-half of the stated prison term originally imposed by the trial court.  R.C. 2929.19(B)(2)(e). *See State v. Williams*, 1st Dist. Hamilton No. C-081148, 2010-Ohio-1879, ¶ 20.

{¶5}    Here, the trial court properly notified Graham during his plea hearing about the mandatory period of postrelease control and the consequences for committing a postrelease-control violation.  But at the sentencing hearing, the trial court stated "if you are placed on postrelease control, upon your release from the institution, if you violate any of the terms and conditions of your postrelease control, the Parole Authority can give you an additional, it's three and a half years in the state penitentiary."  The trial court appropriately informed Graham of the amount of time that he could be incarcerated for a violation of postrelease control.  But the court failed to notify Graham that he was subject to a mandatory period of postrelease control.

{¶6}    When a trial court fails to properly advise an offender about postrelease control, the court has violated its statutory duty, and the portion of the offender's sentence relating to postrelease control is void.  *Id.*  Because the trial court failed to provide Graham with the proper postrelease-control notification, we sustain in part Graham's first assignment of error, and we remand this cause for the trial court to apply the procedures outlined in R.C. 2929.191 to correct the postrelease-control-related sentencing errors.

### *Prison-Time Credit*

{¶7}    Graham further argues under his first assignment of error that the trial court erred by failing to advise him of his right to earn limited prison-time credit under R.C. 2967.193 for his participation in various prison programs.   He contends that his guilty plea was not entered knowingly or voluntarily because the trial court failed to advise him of this during his plea hearing and that his sentence should be vacated because of the trial court's error.

{¶8}   The trial court fully complied with Crim.R. 11(C) and conducted a complete plea colloquy with Graham.  The trial court was not required to notify Graham about a right to earn prison-time credit before accepting his guilty plea.  Graham entered his plea knowingly and voluntarily.

{¶9}   We interpret Graham's contention that his sentence must be vacated because the trial court failed to inform him of the possibility of earning prison-time credit under R.C. 2967.193 as an argument that the trial court was required to provide him with this information during his sentencing hearing.  This argument is also without merit.  Former R.C. 2929.14(D)(3) required that the trial court inform an offender of the offender's eligibility to earn days of credit as prescribed by R.C. 2967.193.  But that statute was amended by Am.Sub.S.B. No. 337, and that language was repealed.  The trial court was not required to inform Graham of his potential eligibility to earn prison-time credit under R.C. 2967.193.  Graham's argument is overruled.  The first assignment of error is, accordingly, sustained in part and overruled in part.

### *Sentencing*

{¶10}  In his second assignment of error, Graham argues that the trial court erred by imposing an excessive sentence.

{¶11}   This court may only vacate or modify a defendant's sentence if we clearly and convincingly find that the record does not support the mandatory sentencing findings or that the sentence imposed is otherwise contrary to law.  *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).  Graham argues that because he had demonstrated extreme remorse and indicated that he wanted to participate in a trade program while in prison, the trial court should not have

imposed a sentence that was only one year less than the maximum. We are not persuaded. Graham committed the robbery on the same day that he had been released from jail on unrelated charges. The sentence fell within the available statutory sentencing range and was not contrary to law. The trial court did not err in the imposition of sentence.

{¶12} Graham additionally argues under this assignment of error that the trial court erred by failing to inform him, as is required by R.C. 2947.23(A)(1), that he could be required to perform community service in lieu of paying court costs. We recently addressed the identical argument in *State v. Bailey*, 1st Dist. Hamilton Nos. C-130245 and C-130246, 2013-Ohio-5512. In *Bailey*, we noted that a prior version of R.C. 2947.23(A)(1) contained the requirement that a trial court notify a defendant that the defendant could be required to perform community service in lieu of paying court costs. *Id.* at ¶ 5. But we explained that the current version of the statute, in effect at the time of sentencing for both Bailey and Graham, requires that a trial court provide this notification only when "the judge or magistrate imposes a community control sanction or other nonresidential sanction." *Id.*, quoting *State v. Gates*, 11th Dist. Portage No. 2011-P-0001, 2013-Ohio-4284, fn. 1.

{¶13} The trial court sentenced Graham to a term of imprisonment and did not impose community control or another nonresidential sanction. Consequently, the trial court was not required to inform Graham that he could be required to perform community service in lieu of paying court costs. The second assignment of error is overruled.

{¶14} This cause is remanded for the trial court to properly notify Graham about his postrelease-control obligations. The judgment of the trial court is otherwise affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

**DINKELACKER** and **DEWINE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.