[Cite as *State v. Brown Suber*, 2021-Ohio-2291.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-09-099 |
| | : | O P I N I O N |
| - vs - | | 7/6/2021 |
| | : | |
| DONNY BROWN SUBER AKA DONNIE SUBER-BROWN AKA DONNIE BROWN-SUBER, | : | |
| | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-10-1643

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant

**HENDRICKSON, J.**

{¶1} Appellant, Donny Brown Suber aka Donnie Suber-Brown aka Donnie Brown-Suber, appeals from the sentence imposed in the Butler County Court of Common Pleas following appellant's guilty plea to two counts of possession of heroin. For the reasons discussed below, we affirm in part, reverse in part, and remand the matter for the limited purpose of resentencing for compliance with R.C. 2929.19(B)(2)(c).

{¶2} On November 20, 2019, appellant was indicted on nine felony narcotics and weapons counts related to the possession and trafficking of heroin and fentanyl-related compounds. The charges were accompanied by major drug offender and forfeiture specifications.

{¶3} On September 21, 2020, following plea negotiations, appellant entered guilty pleas to two counts of possession of heroin in violation of R.C. 2925.11(A)(1), felonies of the first degree. Appellant also pled guilty to the accompanying forfeiture specifications, admitting that $3,486 in cash, $256 in cash, a 2011 Dodge Nitro, and a 2007 Chrysler 300 were instrumentalities used to commit, facilitate, or aid in the commission of the offenses. The major drug offender specifications accompanying the counts were dismissed. The state also dismissed the remaining charges, comprised of two counts of possession of fentanyl-related compounds, one count of trafficking in heroin, one count of trafficking in a fentanyl-related compound, two counts of permitting drug abuse, and one count of having weapons while under disability.

{¶4} The court engaged appellant in a Crim.R. 11(C) plea colloquy, during which the trial court advised appellant that he would be subject to an indefinite sentence under Senate Bill 201, commonly known as the Reagan Tokes Law. The court explained that it could impose a maximum mandatory sentence of 11 to 16.5 years on each possession count, to be run consecutively to one another, for an aggregate maximum sentence of 22 to 27.5 years in prison. Appellant indicated he understood the penalties he faced and entered a guilty plea to two counts of possession of heroin and the accompanying specifications. The trial court accepted appellant's guilty plea and found that the plea was knowingly, intelligently, and voluntarily made.

{¶5} Appellant waived his right to a presentence-investigative report and the court proceeded to sentencing. The court imposed a mandatory indefinite sentence of 10 to 15

years in prison on each count and ran the sentences concurrently, waived the mandatory fines, and advised appellant he was subject to a five-year mandatory term of postrelease control ("PRC") upon his release from prison. In imposing appellant's sentence, the court advised appellant as follows regarding his indefinite sentence:

> THE COURT: [A]s to Count I, possession of heroin, a violation of [R.C.] 2925.11(A), it will [be] ten years in the Ohio Department of Rehabilitation and Correction.
>
> Count V, possession of heroin, a felony 1, [R.C.] 2925.11(A), likewise, ten years in the Ohio Department of Rehabilitation and Correction.
>
> Those are the minimum terms. And here's why I say that. Again, I have to explain to you that because of the changes in sentencing – Senate Bill 201 – once again, if you do mess up while you're in prison, the Department of Rehabilitation and Correction – they do this administratively. I have nothing to do with it. The judge is not involved.
>
> They could decide to keep you up to an additional five years on this sentence. So while your minimum is ten years, and while it's guaranteed you'll serve that ten years because these are mandatory sentences, on the back end of that, they could hold you up for an additional five years on top of that. No administrative – or no action required for the Court or anything like that, all right?
>
> * * *
>
> But I do find, again, the two counts are mandatory prison terms, which means Mr. Brown Suber, again, you are not eligible for any type of early release, judicial release, et cetera.
>
> The total amount of prison time – like I said, ten years minimum. Could be up to 15. I hope we don't get it to that point. * * *
>
> * * *
>
> I want you to think this through. You can serve your ten years. If you mess up in the institution, you could end up serving five more. That's 15. You get out, you're still on PRC. They could send you back for up to five – you could end up doing 20 years on this total if you don't mind your step and do everything you're supposed to be doing, okay?

{¶6} Appellant timely appealed his sentence, raising two assignments of error for review.

{¶7} Assignment of Error No. 1:

{¶8} [APPELLANT'S] INDEFINITE SENTENCE IS UNCONSTITUTIONAL.

{¶9} In his first assignment of error, appellant challenges the constitutionality of Ohio's indefinite sentencing structure as set forth in R.C. 2967.271, contending that allowing the Department of Rehabilitation and Correction ("DRC") to determine whether he should be imprisoned for up to an additional five years violates his due process rights. However, the record demonstrates appellant never raised this issue with the trial court.

{¶10} It is well established that "'[t]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.'" *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). Therefore, by not first raising the issue with the trial court, appellant's arguments challenging the constitutionality of R.C. 2967.271 are forfeited and will not be heard for the first time on appeal. *See State v. Garcia*, 12th Dist. Madison No. CA2019-11-030, 2020-Ohio-3232, ¶ 19 (finding appellant's failure to challenge the constitutionality of a statute with the trial court "forfeits the issue and this court need not address it for the first time on appeal"); *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8 (declining to address whether indefinite sentencing under Senate Bill 201 was unconstitutional where appellant raised the issue for the first time on appeal); *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9-10 (finding appellant's failure to challenge the constitutionality of R.C. 2967.271 in the trial court forfeited the right to challenge its constitutionality on appeal).

{¶11} Accordingly, having forfeited his constitutional challenge to R.C. 2967.271 by not first raising the issue with the trial court, appellant's first assignment of error is overruled.

{¶12} Assignment of Error No. 2:

{¶13} [APPELLANT'S] SENTENCE WAS CONTRARY TO LAW BECAUSE IT DID NOT COMPLY WITH R.C. 2929.19(B)(2)(c).

{¶14} Appellant argues the trial court erred in imposing his sentence as the court failed to comply with R.C. 2929.19(B)(2)(c) in imposing the mandatory indefinite prison term of 10 to 15 years because the court did not provide the required statutory notifications at the sentencing hearing.[1]

{¶15} R.C. 2929.19(B)(2)(c) provides that "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court *shall do all of the following*:

> (c) If the prison term is a non-life felony indefinite prison term, *notify the offender of all of the following*:
>
> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of

---

1. Citing to R.C. 2953.08(D)(1), the state contends this court should not consider the merits of appellant's second assignment of error as appellant knowingly accepted the sentence as part of his plea. R.C. 2953.08(D)(1) states that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, *has been recommended jointly by the defendant and the prosecution in the case*, and is imposed by a sentencing judge." (Emphasis added.) The sentence in the present case was not jointly recommended; the state refrained from recommending any sentence. As such, R.C. 2953.08(D)(1) is not applicable.

that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

(Emphasis added.)

{¶16} By indicating that the sentencing court "shall do all of the following" and "notify the offender of all of the following," the legislature clearly placed a mandatory duty upon the trial court to inform the defendant of all five relevant notifications. "Thus, when sentencing an offender to a non-life felony indefinite prison term under the Reagan Tokes Law, a trial court must advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing to fulfill the requirements of the statute." *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 24. The failure to advise the defendant of any of the five notifications constitutes error and a remand for the limited purpose of permitting the sentencing court to provide the mandatory notifications required by R.C. 2929.19(B)(2)(c) is necessary. *State v. Paul*, 12th Dist. Clinton No. CA2020-08-010, 2021-Ohio-1628, ¶ 22-23 (finding reversible error where three of the notifications listed in R.C. 2929.19[B][2][c] were omitted by the trial court and remanding for the "sole and limited purpose of providing the mandatory notifications" required by the statute).

{¶17} While the trial court is not required to recite the statutory language verbatim in providing the notifications to the defendant at sentencing, the record must nonetheless reflect that each of the necessary notifications were provided. After reviewing the record,

we find that the trial court failed to advise appellant of all of the required notifications set forth in R.C. 2929.19(B)(2)(c).[2] Specifically, the court failed to advise appellant that: (1) the DRC must hold a hearing to rebut the presumption that appellant would be released after serving his mandatory minimum sentence of 10 years; (2) the DRC could maintain his incarceration after the expiration of the minimum term for the length the DRC determines is reasonable, subject to his maximum penalty of 15 years; and (3) the DRC could maintain appellant's incarceration more than one time.

{¶18} Given the foregoing omissions in the trial court's notification when imposing the indefinite sentence, we sustain appellant's second assignment of error. Appellant's sentence is reversed and this matter remanded for the sole purpose of resentencing appellant in accordance with the requirements set forth in R.C. 2929.19(B)(2)(c). *See, e.g., Paul* at ¶ 22-23; *Hodgkin* at ¶ 25. However, we emphasize that our reversal and remand are only for the purpose of complying with the foregoing statute and in no way affects the validity of the underlying conviction or any other aspect of the sentence imposed by the trial court. In other words, appellant is not entitled to be sentenced anew and the matter is remanded to the trial court for the sole and limited purpose of providing the mandatory notifications of R.C. 2929.19(B)(2)(c).

{¶19} Judgment affirmed in part, reversed in part, and remanded for the sole purpose of resentencing so that appellant's sentence complies with R.C. 2929.19(B)(2)(c).

S. POWELL, P.J., and BYRNE, J., concur.

---

2. In the present case, the trial court held a combined plea and sentencing hearing. The state urges us to rely on certain statements the trial court made when advising appellant of the applicability of the Reagan Tokes Law during the plea portion of the hearing to find the requirements of R.C. 2929.19(B)(2)(c) met. Even if we were to do as the state suggests, we would still find reversible error as certain notifications, such as the fact that the DRC is required to hold a hearing to rebut the presumption of release after the minimum term expires and that the DRC could maintain appellant's incarceration more than one time under R.C. 2929.19(B)(2)(c)(iv), were never addressed by the trial court.