[Cite as *State v. Laws*, 2023-Ohio-77.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111591 |
| v. | : | |
| KATO LAWS, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED IN PART; REMANDED
**RELEASED AND JOURNALIZED:** January 12, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-653057-A, CR-20-654036-A, CR-21-655736-A,
and CR-21-657668-G

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora C. Bryan, Assistant Prosecuting Attorney, *for appellee.*

The Law Office of Jaye M. Schlachet and Eric M. Levy, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Kato Laws ("Laws") appeals his sentence, challenging the constitutionality of the Reagan Tokes Law and arguing that his

sentence is contrary to law because the trial court failed to notify him of all the statutory advisements under the Reagan Tokes Law. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Laws was indicted in four separate cases in the Cuyahoga Court of Common Pleas: Cuyahoga C.P. No. CR-20-653057-A on October 28, 2020; Cuyahoga C.P. No. CR-20-654036-A on November 3, 2020; Cuyahoga C.P. No. CR-21-655736-A on January 13, 2021; and Cuyahoga C.P. No. CR-21-657668-G on March 5, 2021. The first case, CR-20-653057, charged him with aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony (Count 1), and felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony (Count 2). The second case, CR-20-654036, charged him with aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony (Count 1), and felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony (Count 2). Each of the counts in CR-20-654036 included one- and three-year firearm specifications. The third case, CR-21-655736, charged him with burglary in violation of R.C. 2911.12(A)(2), a second-degree felony (Count 1).

{¶ 3} In the fourth case, CR-21-657668, Laws and seven codefendants were charged in a 53-count indictment. Laws was charged with participating in a criminal gang in violation of R.C. 2923.42(A), a second-degree felony (Count 1); having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony (Count 15); three counts of trafficking in violation of R.C. 2925.03(A)(2), two

of which were fourth-degree felonies (Counts 23 and 25) and one of which was a fifth-degree felony (Count 24); and three counts of drug possession in violation of R.C. 2925.11(A), two of which were fourth-degree felonies (Counts 26 and 28) and one of which was a fifth-degree felony (Count 27). Count 1 carried both one- and three-year firearm specifications. Counts 23, 24, 25, 26, 27, and 28 each carried a one-year firearm specification. Count 15 included forfeiture of a 9 mm handgun, and Counts 23 and 26 included forfeiture of money in a drug case.

{¶ 4} The trial court initially released Laws on bond and ordered him to have no contact with the victims in CR-20-653057, CR-20-654036, CR-21-655736. On March 17, 2021, the trial court issued a capias warrant and jailed Laws on August 14, 2021, following his extradition from Los Angeles.

{¶ 5} On April 13, 2022, following a negotiated plea with plaintiff-appellee, the state of Ohio, Laws pled guilty in CR-20-653057 to Count 1 as amended to burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, and Count 2 as amended to attempted felonious assault in violation of R.C. 2923.02/2903.11(A)(1), a third-degree felony. In CR-20-654036, Laws pled guilty to aggravated robbery with a three-year firearm specification as charged in Count 1. The one-year firearm specifications in Count 1 and Count 2 were deleted. In CR-21-655736, Laws pled guilty to Count 1 as amended to attempted burglary in violation of R.C. 2923.02/2911.12(A)(2), a third-degree felony. Lastly, in CR-21-657668, Laws pled guilty to Count 1, participating in a criminal gang, a second-degree felony, as amended by deletion of the one- and three-year firearm specifications; Count 15,

having weapons while under disability and forfeiture of the 9 mm handgun, as charged; and Counts 23 and 25, fourth-degree-felony trafficking, as amended by deletion of the one-year firearm specifications in both counts. Counts 24, 26, 27, and 28 were deleted.

{¶ 6} Laws's plea agreement with the state included a recommended sentencing range of six to ten years in prison and reimbursement of $3,541.25 in extradition costs. Before accepting the plea, the trial court advised Laws of the effect of the Reagan Tokes Law on any sentence it would impose for aggravated robbery in CR-20-654036 and participating in a criminal gang in CR-21-657668. Counsel for Laws objected to constitutionality of the Reagan Tokes Law.

{¶ 7} The matter proceeded to sentencing on May 10, 2022. The trial court again informed Laws that "aggravated robbery is a first degree felony * * * punishable under the Reagan Tokes Law, Senate Bill 201, with a minimum sentence of three to four-and-a-half years, and up to 11 and 16-and-a-half years" and "participating in a criminal gang, a felony of the second degree, [is] punishable by two to three years as a minimum and up to 8 to 12 years" and "also fall[s] under the Reagan Tokes advisement which I will give momentarily." After informing Laws of the minimum and maximum terms, the trial court then notified Laws of the Reagan Tokes Law:

> Mr. Laws, at the time of your plea we went over a few things. I am going to go over them again just to preserve the record and make sure that you understand.

Senate Bill 201 titled the Reagan Tokes Law significantly altered the sentencing structure for many of Ohio's most serious felonies. Senate Bill 201 implements an indefinite sentencing system for non-life felonies of the first degree and second degree.

I must now impose a minimum term from within the currently established range and a maximum term of an additional 50 percent of the minimum term imposed.

Release is presumed to occur at the expiration of the minimum term. However, the Department of Rehabilitation and [Correction] may, under certain circumstances, rebut that release presumption and impose additional prison time up to the maximum term.

The DRC may also reduce the minimum term by 5 to 15 percent for exceptional conduct or adjustment to incarceration with approval of the sentencing court.

Senate Bill 201 went into effect on March 22, 2019, and applies to all non-life felonies of the first degree and second degree that occurred after this effective date.

(Sentencing hearing, May 10, 2022, tr. 49-50.)

**{¶ 8}** Counsel for Laws again objected to the constitutionality of the Reagan Tokes Law at sentencing. The state, Laws's girlfriend Luna Astro ("Astro"), defense counsel, Laws himself, and Laws's father all addressed the court. The state noted that Laws was actively involved in the Laflexico gang, pled guilty to three separate violent offenses, had "absconded from the jurisdiction," "was found in Los Angeles," and "needed to be extradited back to face those charges." (Sentencing hearing, May 10, 2022, tr. 55.) The state requested that the court adopt the parties' agreed-upon sentencing range of six to ten years and sentence Laws within that range.

**{¶ 9}** Astro spoke next, stating that Laws has two small children and a lot of family in Los Angeles. Defense counsel stated that Laws was very involved in

skateboarding and the arts, including acting and singing, and that Laflexico was also a music group. Defense counsel added that Laws wants to learn a trade, such as HVAC, and that Laws's father, who is contractor, offered Laws a job installing cable wire on utility poles after his release from prison. Defense counsel requested that the trial court adopt the minimum six years to which the parties had agreed. Laws then addressed the court, stating that he had no excuses for the wrongs he committed and just wanted to move forward in his life. Lastly, Laws's father stated that he is a business owner and guaranteed Laws a job. He also stated that Laws had a hard childhood, is a good man, his criminal conduct did not define him, and he only accepted responsibility for the crimes because he faced a substantially longer period in jail if he did not.

{¶ 10} The trial court acknowledged all the people who spoke on Laws's behalf and noted that Laws was the most remorseful and respectful of his codefendants. In CR-20-654036, the trial court sentenced Laws to four to six years on Count 1, aggravated robbery, and to three years on the associated firearm specification to be served prior and consecutively to the prison term on the underlying offense. The trial court sentenced Laws in the remaining three cases to prison terms that would run concurrently with each other and to the sentence imposed in CR-20-654036. In CR-20-653057, the court sentenced Laws to 24 months on amended Count 1, burglary, and 24 months on amended Count 2, attempted felonious assault. In CR-21-655736, the court sentenced Laws to 24 months for the sole count of attempted burglary. In CR-21-657668, the court

sentenced Laws to four to six years on amended Count 1, participating in a criminal gang; 24 months on Count 15, having weapons while under disability; and 12 months on each of the trafficking charges in Counts 23 and 25.

{¶ 11} In its corresponding sentencing entries issued the same day as the hearing, the trial court stated in CR-20-654036:

> The court imposes a prison sentence * * * of 7 year(s). 3 year firearm spec. runs prior and consecutive to 4 year underlying sentence. The underlying sentence imposed on defendant is an indefinite sentence under SB 201 — Reagan Tokes Law. The aggregate minimum term imposed by the court is 4 years. The maximum term is 6 years. Underlying sentence runs concurrent to sentences in 655736, 657668 & 653057. * * * [T]he defendant will/may be subject to a period of post-release control of: a mandatory minimum 2 years, up to a maximum of 5 years.

(Sentencing entry, CR-20-654036, May 10, 2022.)

{¶ 12} In its sentencing entry for CR-20-653057, the trial court "impose[d] a prison sentence * * * of 24 month(s). Ct. 1: 24 mos. & Ct. 2: 24 mos. Counts run concurrent to each other and to sentences 654036, 655736 & 657668. * * * [T]he defendant will/may be subject to a period of post-release control: up to 2 years of PRC at the discretion of the parole board." (Sentencing entry, CR-20-653057, May 10, 2022.)

{¶ 13} In the sentencing entry for CR-21-655736, the trial court "impose[d] a prison sentence of * * * 24 month(s). Ct. 1: 24 mos. Sentence runs concurrent with sentences in 654036, 653057 & 657668. * * * [T]he defendant will/may be subject to a period of post-release control of: a mandatory minimum 1 year, up to a maximum of 3 years." (Sentencing entry, CR-21-655736, May 10, 2022.)

**{¶ 14}** Lastly, in its sentencing entry for CR-21-657668 sentencing entry, the trial court stated:

> The court imposes a prison sentence * * * of 4 year(s). The sentence imposed in Ct. 1 upon defendant is an indefinite sentence under SB 201 — Reagan Tokes Law. Ct. 1 the aggregate minimum term imposed by the court is 4 years. The maximum term is 6 years. Ct. 15: 24 mos., Ct. 23: 12 mos. & Ct. 25: 12 mos., all counts run concurrent to each other and to sentences in 655736, 653057, and 654036. * * * [T]he defendant will/may be subject to a period of post-release control of: a mandatory minimum 18 months, up to a maximum of 3 years. * * * Restitution ordered in the amount of $3,541.35 to Cuyahoga County Prosecutor Office.

(Sentencing entry, CR-21-657668, May 10, 2022.)

**{¶ 15}** The court credited Laws with 269 days in jail and waived fines and costs in all four cases.

**{¶ 16}** Laws now appeals his sentence, raising the following assignments of error for review:

> **Assignment of Error I:** Appellant's indefinite sentence imposed under the Reagan Tokes sentencing scheme violates appellant's rights under the United States Constitution applied to the state of Ohio through the Fourteenth Amendment and the Ohio Constitution as it denies appellant due process of law; violates the Sixth Amendment right to a jury trial; violates the separation of powers doctrine; does not provide fair warning of the dictates of the statute to ordinary citizens; and the statute conferred too much authority to the Ohio Department of Rehabilitation and Correction (ODRC).
>
> **Assignment of Error II:** Appellant's sentence is contrary to law where the trial court failed to comply with the required notices contained in R.C. 2929.19(B)(2)(c) when imposing [the] sentence.

## II. Law and Analysis

### A. Reagan Tokes

{¶ 17} In his first assignment of error, Laws challenges the constitutionality of his indefinite sentence under the Reagan Tokes Law, raising the same arguments addressed by this court en banc in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). Laws notes in his brief that he advances these arguments to preserve them for further review. Based on the arguments presented, however, we conclude that Laws's sentence is constitutional under *Delvallie*. Therefore, his first assignment of error is overruled.

### B. R.C. 2929.19

{¶ 18} In his second assignment of error, Laws contends that prior to sentencing, the trial court failed to give him all the advisements required by R.C. 2929.19(B)(2)(c).

{¶ 19} When a trial court imposes a non-life felony indefinite sentence pursuant to the Reagan Tokes Law, R.C. 2929.19(B)(2)(c) requires that the trial court notify the offender

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's

threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 20} While the court must give these notices at the time of sentencing, no specific language is required. *State v. Gates*, 8th Dist. Cuyahoga No. 110616, 2022-Ohio-1666, ¶ 25.

{¶ 21} Here, at the sentencing hearing, the trial court notified Laws that

[r]elease is presumed to occur at the expiration of the minimum term. However, the Department of Rehabilitation and [Correction] may, under certain circumstances, rebut that release presumption and impose additional prison time up to the maximum term.

The DRC may also reduce the minimum term by 5 to 15 percent for exceptional conduct or adjustment to incarceration with approval of the sentencing court.

(Sentencing hearing, May 10, 2022, tr. 50.)

{¶ 22} Pursuant to R.C. 2929.19(B)(2)(c), the trial court notified Laws (i) of the rebuttable presumption that he would be released upon expiration of the minimum prison term or the "presumptive earned early release date," as defined in

R.C. 2967.271; (ii) that "under certain circumstances" the presumption is rebuttable by the Department of Rehabilitation and Correction ("DRC"); and (iii)-(v) that, if rebutted, Laws may be remain in prison up to the maximum term. However, the trial court's reference to "certain circumstances" does not identify the "specified determinations" the DRC may make to rebut the presumption or that the presumption may be rebutted more than once up to the maximum term or that Laws must be released upon expiration of the maximum term. Therefore, the trial court did not fully notify Laws of the required advisements under R.C. 2929.19(B)(2)(c).

{¶ 23} Laws argues that the trial court's failure to fully notify him of the R.C. 2929.19(B)(2)(c) advisements requires either vacation of his sentence or remand for resentencing. This court has held that such an error does not undermine the conviction and that the proper remedy is remand for resentencing so that the offender may be given the proper advisements. *State v. Bobo*, 8th Dist. Cuyahoga No. 111362, 2022-Ohio-3555, ¶ 33; *State v. Bradley*, 8th Dist. Cuyahoga No. 110882, 2022-Ohio-2954, ¶ 13; *Gates*, 2022-Ohio-1666, at ¶ 27; *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 46.

{¶ 24} Therefore, Laws's second assignment of error is sustained.

## III. Conclusion

{¶ 25} Laws's sentence pursuant to the Reagan Tokes Law is constitutional under this court's en banc decision in *Delvallie*, 2022-Ohio-470, 185 N.E.3d 536, and is therefore affirmed. Because the trial court failed to fully notify Laws of the

R.C. 2929.19(B)(2)(c) advisements, however, the case is remanded for resentencing solely to provide the proper advisements.

{¶ 26} Accordingly, judgment is affirmed in part, reversed in part, and remanded for resentencing solely to provide all the advisements required by R.C. 2929.19(B)(2)(c).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)


N.B. Judge Lisa B. Forbes constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Forbes, J., dissenting).


KATHLEEN ANN KEOUGH, P.J., CONCURRING IN JUDGMENT ONLY:

{¶ 27} Respectfully, I concur in judgment only because the majority opinion does not make clear that Laws's void-for-vagueness challenge to the Reagan Tokes Law is actually a due process challenge that was considered and rejected in *Delvallie*.

"[A]ny statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute is void for vagueness." *State v. Tanner*, 15 Ohio St.3d 1, 3, 472 N.E.2d 689 (1984). Laws contends that the Reagan Tokes Law is void for vagueness because it "does not provide fair warning of the dictates of the statute to ordinary citizens." (Appellant's brief, p. 3). The arguments raised in Laws's appellate brief and the state's response to those arguments make clear, however, that Laws's void-for-vagueness challenge is actually a due process challenge to the constitutionality of the Reagan Tokes Law that was considered and overruled in *Delvallie.* Because the majority opinion fails to recognize this distinction, I respectfully concur in judgment only.