[Cite as *State v. Edwards*, 2025-Ohio-5675.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25 CA 000010 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the County Court of Common Pleas, Case No. 25CR000010 |
| JAMES EDWARDS | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry:December 19, 2025 |

**BEFORE:**   CRAIG R. BALDWIN, P.J., WILLIAM B. HOFFMAN J., KEVIN W. POPHAM, J.;   Appellate Judges

**APPEARANCES:** MARK A. PERLAKY for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant

OPINION

*Popham, J.*

{¶1}   Defendant-Appellant James Edwards ("Edwards") appeals the sentence imposed following his negotiated guilty plea in the Guernsey County Court of Common Pleas.  For the reasons below, we affirm.

**Facts and Procedural History**

{¶2}   On February 11, 2025, a Guernsey County Grand Jury returned a five-count indictment against Edwards, charging:

Count One: Trafficking in a Fentanyl-Related Compound, in an amount greater than or equal to one gram but less than five grams, a fourth-degree felony, in violation of R.C. 2925.03(A)(1) and (C)(9)(c);

Count Two: Trafficking in a Fentanyl-Related Compound, in an amount greater than or equal to ten grams but less than twenty grams, a second-degree felony, in violation of R.C. 2925.03(A)(2) and (C)(9)(c), with two forfeiture specifications under R.C. 2941.1417(A) involving a cell phone and cash;

Count Three: Possession of a Fentanyl-Related Compound, in an amount greater than or equal to ten grams but less than twenty grams, a second-degree felony, in violation of R.C. 2925.11(A) and (C)(11)(d);

Count Four: Possession of a Fentanyl-Related Compound, in an amount greater than or equal to one gram but less than five grams, a fourth-degree felony, in violation of R.C. 2925.11(A) and (C)(10)(b); and

Count Five: Tampering with Evidence, a third-degree felony, in violation of R.C. 2921.12(A)(1) and (B).

**Plea Agreement and Hearing**

{¶3}　On April 2, 2025, pursuant to Crim.R. 11(C) and (F), Edwards entered into a negotiated plea agreement with the State. Under the terms of the agreement, Edwards pled guilty to, Count One, Trafficking in a Fentanyl-Related Compound (fourth-degree felony); Count Two, Trafficking in a Fentanyl-Related Compound (second-degree felony), together with both forfeiture specifications; and Count Five, Tampering with Evidence (third-degree felony). *Docket Entry No. 93.* No presentence investigation report was

requested. The trial court conducted a combined plea and sentencing hearing on the same day.

{¶4} Pursuant to the plea agreement, the State dismissed Counts Three and Four of the indictment. *T. Plea and Sentencing Hearing* at 10. The trial court summarized the terms of the plea on the record, confirming that Edwards had agreed to plead guilty to Counts One, Two (with the forfeiture specifications), and Five. *Id.* at 7-8. The parties jointly recommended the following sentences:

Count One: 12 months;

Count Two: a mandatory minimum term of 6 years, up to 9 years

(indefinite sentence under the *Reagan Tokes Law*); and

Count Five: 36 months.

*Id.* at 8.

{¶5} The parties agreed that all sentences would be served consecutively, for an aggregate sentence of ten years minimum (six years mandatory) and a potential maximum sentence of thirteen years. *Id.* at 8-9. As part of the negotiated resolution, the State also agreed to dismiss an unrelated indictment in Case No. 25-CR-32. *Id.* at 9. Edwards confirmed that this was his understanding of the plea agreement. *Id.* at 11.

**The Trial Court's Explanation of the *Reagan Tokes Law***

{¶6} Before accepting the plea, the trial court provided an explanation of Ohio's *Reagan Tokes Law* and its application to Edwards's second-degree felony conviction. *T. Plea and Sentencing Hearing at 14-16.*

{¶7} The court began by asking whether Edwards had previously heard of the *Reagan Tokes Law,* to which Edwards responded that he had not. The court then

explained the background and purpose of the statute, noting that it was enacted following the 2017 murder of Reagan Tokes and that it established indefinite sentencing for first- and second-degree felonies not carrying life imprisonment. The court further explained that offenses of the third, fourth, and fifth degrees carry definite sentences. The trial judge clarified that the law became effective on March 22, 2019, and had governed felony sentencing in Ohio for over six years at the time of Edwards's plea. *T. Plea and Sentencing Hearing at 14-15.*

{¶8} The court revisited the *Reagan Tokes* provisions before accepting Edwards's plea, confirming that he understood the following:

1. Edwards would be released at the end of his minimum term unless the Ohio Department of Rehabilitation and Correction ("ODRC") determined that he must remain incarcerated for bad misconduct while imprisoned;

2. The trial court (the judge) would have no role in that determination;

3. If ODRC denied release, Edwards would serve an additional term up to his maximum sentence, and if not released when his minimum term ends, Edwards would serve an additional specified period of time and given a new release date.

4. This process could repeat until either his release or the expiration of the maximum term; and

5. Edwards must be released no later than the end of the maximum term.

*T. Plea and Sentence at 37-39.*

{¶9} Edwards responded affirmatively to each of the court's inquiries and indicated that he had no questions regarding the *Reagan Tokes* sentencing framework. *Id.*

**Sentencing**

{¶10} After accepting the plea, the trial court proceeded directly to sentencing. Following statements from the prosecutor, defense counsel, and Edwards, the court imposed the following prison terms:

Count One: a definite term of twelve months;

Count Two: an indefinite term with a minimum of six years (mandatory) and a potential maximum of nine years; and

Count Five: a definite term of thirty-six months.

{¶11} The court ordered that all sentences be served consecutively, resulting in an aggregate indefinite prison term of ten years minimum (six years of which is mandatory) and a potential maximum of thirteen years.

*Assignment of Error*

{¶12} Edwards raises one assignment of error,

{¶13} "I. THE TRIAL COURT FAILED TO ADVISE EDWARDS OF HIS RIGHTS UNDER THE REGAN TOKES STATUTE AT SENTENCING."

**Law and Analysis**

{¶14} In his sole assignment of error, Edwards contends that his sentence is contrary to law because the trial court failed to provide all the notifications required by R.C. 2929.19(B)(2)(c) at the sentencing hearing. We disagree.

**Standard of Appellate Review**

{¶15} We review felony sentences under the standard set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Pursuant to R.C. 2953.08(G)(2), this Court may increase, reduce, modify, or vacate a sentence and remand for resentencing if we clearly and convincingly find that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or (2) the sentence is otherwise contrary to law. See also *State v. Bonnell*, 2014-Ohio-3177, ¶ 28.

{¶16} A sentence is "otherwise contrary to law" when it violates a statute or legal regulation. *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed.1990). Thus, a sentence imposed based on factors or considerations beyond those permitted by R.C. 2929.11 and 2929.12 is contrary to law. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

**The *Reagan Tokes* Sentencing Notifications – R.C. 2929.19(B)(2)(c)**

{¶17} R.C. 2929.19(B)(2)(c) imposes a mandatory duty on sentencing courts when imposing a non-life felony indefinite prison term under the *Reagan Tokes Law*. The statute provides that if a prison term is necessary or required, the court *shall* notify the offender of all five specified advisements:

1. That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

2. That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

3. If the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

4. That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code; and

5. That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶18} By using the phrase "shall do all of the following," the General Assembly imposed a mandatory - not discretionary - obligation on trial courts. To comply with the statute, a court must provide all five notifications at the sentencing hearing. *State v.*

*Abdus-Salaam*, 2024-Ohio-2773, ¶ 80 (5th Dist.); *State v. Wolfe*, 2020-Ohio-5501, ¶ 36 (5th Dist.); *State v. Hodgins*, 2021-Ohio-1353, ¶ 12 (12th Dist.).

{¶19} Although the trial court need not recite the statutory language verbatim, the record must affirmatively reflect that each notification was conveyed. *State v. Suber*, 2021-Ohio-2291, ¶ 17 (12th Dist.); *State v. Miles*, 2020-Ohio-6921, ¶¶ 20, 27-31 (11th Dist.); *State v. Long*, 2021-Ohio-2672, ¶¶ 27-29 (4th Dist.); *State v. Whitehead*, 2021-Ohio-847, ¶¶ 43-46 (8th Dist.).

{¶20} In *Suber*, the trial court failed to notify the defendant of three of the five required advisements - specifically, that the ODRC must hold a hearing to rebut the presumption of release, may continue incarceration beyond the minimum term for a reasonable time within the maximum, and may make those determinations more than once. 2021-Ohio-2291, ¶ 17. The Twelfth District held that such omissions constituted reversible error and remanded for the "sole and limited purpose" of providing the required notifications. *Id.* at ¶ 18, *see also State v. Paul*, 2021-Ohio-1628, ¶¶ 22-23 (12th Dist.); *Abdus-Salaam*, 2024-Ohio-2773, ¶ 83; *State v. Pope*, 2022-Ohio-426, ¶ 18 (12th Dist.); *State v. Massie*, 2021-Ohio-3376, ¶ 29 (2d Dist.).

{¶21} In *Abdus-Salaam,* this Court found that the trial judge failed to advise Abdus-Salaam that: (1) the ODRC must hold a hearing to rebut the presumption that appellant would be released after serving his mandatory minimum sentence; (2) the ODRC could maintain appellant's incarceration more than one time; and (3) the ODRC may make specified determinations regarding his conduct while confined, his rehabilitation, his threat to society, his restrictive housing, if any, while confined, and his security classification in rebutting the presumption. *State v. Abdus*-Salaam, 2024-Ohio-

2773, ¶ 82.  This Court remanded the matter to the trial court for the sole purpose of providing him with the required notifications as set forth in R.C. 2929.19(B)(2)(c). *Id.* at ¶ 84.

**Application to Edwards Case**

{¶22}  Upon review of the record, we conclude that the trial court fully complied with R.C. 2929.19(B)(2)(c). The plea and sentencing hearing were conducted as one continuous proceeding, during which the trial judge expressly reviewed each of the five *Reagan Tokes* advisements with Edwards and confirmed his understanding. The transcript reflects that Edwards affirmatively acknowledged those advisements.

{¶23}  While the trial court did not recite the statutory language verbatim, such precision is not required. As this Court and others have consistently recognized, substantial compliance is sufficient so long as the record demonstrates that each of the mandatory notifications was conveyed. *Suber*, 2021-Ohio-2291, ¶ 17; *State v. Chisenhall*, 2024-Ohio-1918, ¶ 43 (12th Dist.).

{¶24}  Because the record affirmatively demonstrates that Edwards received all five required *Reagan Tokes* notifications, his sentence is not contrary to law.

{¶25}  Accordingly, Edwards's sole assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed.  Costs to Appellant, James Edwards.

By: Popham, J.

Baldwin, P.J. and

Hoffman, J., concur