[Cite as *State v. Shanaberger*, 2026-Ohio-431.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31483 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL ALAN SHANABERGER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2023-06-2034 |

DECISION AND JOURNAL ENTRY

Dated: February 11, 2026

FLAGG LANZINGER, Judge.

{¶1} Daniel Alan Shanaberger appeals from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court reverses and remands for further proceedings consistent with this decision.

I.

{¶2} A grand jury indicted Shanaberger on the following eight counts: two counts of aggravated vehicular homicide, two counts of aggravated vehicular assault, one count of operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them, and three counts of operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance. The charges were based upon allegations that Shanaberger was driving while intoxicated when he struck another vehicle, which caused that vehicle to hit another vehicle. The driver of the first vehicle Shanaberger struck sustained fatal injuries, and the driver of the second vehicle sustained serious injuries. Shanaberger initially pleaded not guilty.

{¶3} Shanaberger and the State later reached a plea agreement whereby Shanaberger agreed to plead no contest to one count of aggravated vehicular homicide, one count of aggravated vehicular assault, and the count for operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them. In exchange, the State agreed to dismiss the remaining five counts. At the conclusion of the change-of-plea hearing, the trial court accepted Shanaberger's plea, found him guilty per the terms of the plea agreement, and set the matter for sentencing. The trial court ultimately sentenced Shanaberger to an indefinite prison term of ten to fourteen years. Shanaberger now appeals, raising two assignments of error for this Court's review.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN THE IMPOSITION OF SENTENCE UPON APPELLANT.**

{¶4} In his first assignment of error, Shanaberger argues that the trial court failed to advise him regarding post-release control at the sentencing hearing, and failed to properly advise him regarding the implications of indefinite sentencing under the Reagan Tokes Law at the sentencing hearing. For the following reasons, this Court sustains Shanaberger's first assignment of error.

## Standard of Review

{¶5} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "A sentence is 'otherwise contrary to law' . . . when it is 'in violation of statute or legal regulations at a given time.'" *State v. McKnight*, 2023-Ohio-1933, ¶ 15 (9th Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34.

{¶6} Relevant to this appeal, a sentence is contrary to law if a trial court fails to properly impose post-release control at the sentencing hearing. *State v. Mills*, 2021-Ohio-52, ¶ 12 (9th Dist.), quoting *State v. Hennacy*, 2019-Ohio-1332, ¶ 25 (9th Dist.). A sentence is also contrary to law if a trial court fails to inform the defendant of the statutorily required notifications under the Reagan Tokes Law at the sentencing hearing. *State v. Weil*, 2025-Ohio-657, ¶ 46 (4th Dist.); *accord State v. Greene*, 2022-Ohio-4113, ¶ 8 (2d Dist.); *State v. Mollett*, 2025-Ohio-2826, ¶ 35 (3d Dist.).

### Reagan Tokes Law Notifications

{¶7} This Court will first address Shanaberger's argument that the trial court failed to properly advise him regarding the implications of indefinite sentencing under the Reagan Tokes Law at the sentencing hearing. "Under R.C. 2929.19(B)(2)(c), a trial court is required to give five advisements during the offender's sentencing hearing if the offender is receiving an indefinite sentence under the Reagan Tokes Law." *State v. Justice*, 2025-Ohio-2235, ¶ 48 (10th Dist.). "These advisements inform the defendant about a rebuttable presumption that they will be released from prison after the expiration of the minimum prison term imposed by the trial court, the procedure for the Department of Rehabilitation and Corrections to rebut that presumption, and conditions when a defendant must be released." *Id.* Specifically, a trial court is required to notify the defendant at the sentencing hearing:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the

offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v).

{¶8} "While the court must give these notices at the time of sentencing, no specific language is required." *State v. Laws*, 2023-Ohio-77, ¶ 20 (8th Dist.). Rather, "the record must affirmatively reflect that each notification was conveyed." *State v. Edwards*, 2025-Ohio-5675, ¶ 19 (5th Dist.) (collecting cases). As noted, a sentence is contrary to law if a trial court fails to inform the defendant of the statutorily required notifications under the Reagan Tokes Law at the sentencing hearing. *Weil* at ¶ 46.

{¶9} Here, Shanaberger argues that the trial court failed to notify him of subsections (iv) and (v) at the sentencing hearing. At the sentencing hearing, the trial court stated the following regarding Shanaberger's indefinite prison sentence under the Reagan Tokes Law:

I think I explained to you on a plea based on the indeterminate sentence that there's a presumption that you would do the minimum term of 10 years, but based on your behavior, and if the ODRC feels you are still a threat for some reason, or you're a security issue, they would request to have a hearing to rebut that presumption to keep you in longer.

Like I said, that would be a hearing you would be entitled to have, and they would have to rebut the presumption. They could keep you in additionally for periods of time, but they could never keep you longer than the total amount of the sentence of 14 years.

{¶10} This Court rejects Shanaberger's argument that the trial court failed to inform him of the notification under R.C. 2929.19(B)(2)(c)(v), that is: "[t]hat if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term." Although the trial court did not recite the language of the statute verbatim, it informed Shanaberger that the ODRC "could never keep [him] longer than the total amount of the sentence of 14 years." Thus, the trial court complied with R.C. 2929.19(B)(2)(c)(v). *See Laws* at ¶ 20; *Edwards* at ¶ 19.

{¶11} While the trial court complied with R.C. 2929.19(B)(2)(c)(v), this Court concludes that the trial court did not inform Shanaberger of the notification under R.C. 2929.19(B)(2)(c)(iv), that is: "[t]hat the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code . . . ." The trial court did not inform Shanaberger at the sentencing hearing that the ODRC could extend his sentence more than once, as required under R.C. 2929.19(B)(2)(c)(iv). Consequently, this Court must remand the matter for a limited resentencing to allow the trial court to properly advise Shanaberger of the notifications under R.C. 2929.19(B)(2)(c). *See Justice*, 2025-Ohio-2235, at ¶ 50 (10th Dist.).

## Post-Release Control Notifications

{¶12} This Court will next address Shanaberger's argument that the trial court failed to advise him regarding post-release control at the sentencing hearing. "[A] trial court must provide statutorily compliant notification to a defendant regarding post[-]release control at the time of

sentencing, including notifying the defendant of the details of the post[-]release control and the consequences of violating post[-]release control." (Alterations in original.) *State v. Callaghan*, 2021-Ohio-1047, ¶ 14 (9th Dist.), quoting *State v. Qualls*, 2012-Ohio-1111, ¶ 18; *accord State v. Bates*, 2022-Ohio-475, ¶ 11. "The court also 'must incorporate into the sentencing entry the post[-]release[ ]control notice to reflect the notification that was given at the sentencing hearing.'" *Callaghan* at ¶ 14, quoting *Qualls* at ¶ 19. As noted, a sentence is contrary to law if a trial court fails to properly impose post-release control at the sentencing hearing. *Mills*, 2021-Ohio-52, at ¶ 12 (9th Dist.), quoting *Hennacy*, 2019-Ohio-1332, at ¶ 25 (9th Dist.).

{¶13} Here, the State does not dispute that the trial court did not advise Shanaberger about post-release control at the sentencing hearing. Instead, the State argues, in part, that any error in this regard was harmless because the trial court advised Shanaberger about post-release control at the change-of-plea hearing. For the following reasons, this Court disagrees.

{¶14} Several appellate districts have held that "[n]otice of post-release control at the plea hearing and in the sentencing entry does not correct the trial court's failure to impose a term of post-release control at the sentencing hearing." *State v. Bryars*, 2024-Ohio-2765, ¶ 31 (12th Dist.), quoting *State v. Nascembeni*, 2022-Ohio-1662, ¶ 12 (8th Dist.); *State v. Davis*, 2022-Ohio-2373, ¶ 12 (2d Dist.) (same); *see State v. Graham*, 2014-Ohio-1024, ¶ 3-6 (1st Dist.). This is consistent with recent Ohio Supreme Court precedent explaining that a trial court has a statutory duty to provide notice of post-release control at the defendant's sentencing hearing. *Bates* at ¶ 11; R.C. 2929.19(B)(2)(d). Thus, because the trial court did not advise Shanaberger regarding post-release control at the sentencing hearing, that part of Shanaberger's must be set aside. *State v. Harper*, 2020-Ohio-2913, ¶ 42 ("[S]entencing errors in the imposition of post[-]release control render the

sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal.").

{¶15} In light of the foregoing, Shanaberger is entitled to a limited resentencing hearing to allow the trial court to: (1) properly impose post-release control; and (2) comply with the notification requirements under R.C. 2929.19(B)(2)(c). *Callaghan*, 2021-Ohio-1047, at ¶ 16 (9th Dist.); *Justice*, 2025-Ohio-2235, at ¶ 50 (10th Dist.). Shanaberger's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY ISSUING AN INCORRECT SENTENCING ENTRY.**

{¶16} In his second assignment of error, Shanaberger argues that the trial court erred by issuing a sentencing entry that indicates he pleaded guilty when, in fact, he pleaded no contest. The State concedes this error.

{¶17} This Court's review of the record confirms that Shanaberger pleaded no contest to certain charges, and that the trial court's sentencing entry inaccurately states that Shanaberger pleaded guilty to those charges. "The trial court can correct this clerical error via nunc pro tunc entry on remand." *State v. Morgan*, 2020-Ohio-3955, ¶ 7 (9th Dist.), citing *State v. Ibn-Ford*, 2015-Ohio-753, ¶ 8 (9th Dist.). Accordingly, Shanaberger's second assignment of error is sustained.

### III.

{¶18} Shanaberger's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for the trial court to: (1) issue of a nunc pro tunc entry to correct its sentencing entry; and (2) hold a limited resentencing

hearing to allow the trial court to properly impose post-release control and comply with the notification requirements under R.C. 2929.19(B)(2)(c).

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

DONALD K. POND, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.