[Cite as *State v. Sheldon*, 2023-Ohio-2998.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-01-010 |
| | : | O P I N I O N |
| - vs - | | 8/28/2023 |
| | : | |
| BRANDI NICOLE SHELDON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 22CR39112

Timothy J. McKenna, for appellant.

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

**PIPER, J.**

{¶ 1} In April 2022, appellant, Brandi Sheldon, was indicted on multiple counts after a search of her vehicle revealed that she was in possession of a large quantity of methamphetamine and other instrumentalities indicating drug trafficking. The indictment included three charges related to drugs and one charge involving two concealed knives in Sheldon's possession which she conveyed into the county jail.

**Facts and Procedural History**

{¶ 2} On March 13, 2022, at approximately 12:40 a.m., Officer Darcie Kunka observed a suspicious vehicle in an empty church parking lot. When it reentered the roadway Officer Kunka observed that the vehicle had an excessively loud exhaust system. Therefore, Officer Kunka initiated a traffic stop based upon an equipment violation.

{¶ 3} Sheldon was the sole occupant of the vehicle. When Officer Kunka approached, Sheldon opened her door and told Officer Kunka that the window was not operational. However, when Sheldon opened the door, Officer Kunka smelled a strong odor of raw marijuana. Officer Kunka asked Sheldon if she had a medical marijuana card or hemp inside the vehicle. Sheldon responded in the negative. Officer Kunka noticed that Sheldon had bloodshot eyes and appeared excessively nervous. In addition, Officer Kunka observed marijuana "shake" plainly visible on the floor of the vehicle.

{¶ 4} Officer Kunka ordered Sheldon out of the vehicle and conducted a brief weapons pat-down. Another officer arrived on scene to assist. Officer Kunka then searched Sheldon's vehicle. On the passenger side, Officer Kunka found a bag containing a wallet with credit cards and identification cards belonging to Sheldon. The same bag also held, among other things, a digital scale, plastic baggies, $359 in cash, and an unlocked black magnetic box. The magnetic box contained a crystal-like substance and white powder, which Officer Kunka identified as a large quantity of methamphetamine.

{¶ 5} Sheldon was arrested and read her *Miranda* rights. While being transported to the Warren County Jail, Sheldon told Officer Kunka that she had additional methamphetamine in her bra. She stated it was "different" from the methamphetamine found in her vehicle. Officer Kunka asked Sheldon whether she had any additional contraband, which Sheldon denied. Officer Kunka testified that she provided Sheldon with ample opportunity to disclose any other contraband and warned her that taking items into

the jail would result in an additional charge. When she arrived at the jail, officers searched Sheldon's bra and found a bag containing 13.81 grams of methamphetamine and $147 in cash. Officers also found two small knives concealed in the wiring of Sheldon's bra.

{¶ 6} The methamphetamine was sent to the Miami Valley Crime Lab where it was tested and weighed. The results of the testing confirmed that both the substance found in the vehicle and the substance found in Sheldon's bra were methamphetamine and had a combined weight of 42.03 grams.

{¶ 7} On April 11, 2022, Sheldon was indicted on four counts:

Count 1: Aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a second-degree felony,

Count 2: Aggravated possession of drugs in violation of R.C. 2925.11(A), a second-degree felony,

Count 3: Illegal conveyance of weapons onto the grounds of a government facility in violation of R.C. 2921.36(A)(1), a third-degree felony, and

Count 4: Illegal use of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor.

Sheldon pled not guilty. She later filed a motion to suppress, which the trial court denied.

{¶ 8} The case proceeded to a jury trial beginning on November 21, 2022. Sheldon was found guilty as charged and sentenced to a mandatory prison term of five-to-seven-and-one-half years in prison. Sheldon timely appeals her conviction, raising four assignments of error for review.

**Appeal**

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE COURT ERRED WHEN IT OVERRULED THE DEFENSE'S MOTION TO SUPPRESS.

{¶ 11} In her first assignment of error, Sheldon argues the trial court erred by denying

- 3 -

her motion to suppress. Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Shaibi*, 12th Dist. Warren No. CA2020-07-038, 2021-Ohio-1352, ¶ 24. The trial court, as the trier of fact, is in the best position to weigh the evidence to resolve factual questions and evaluate witness credibility. *State v. Casey*, 12th Dist. Warren No. CA2013-10-090, 2014-Ohio-2586, ¶ 16.

{¶ 12} When reviewing a trial court's decision on a motion to suppress, this court accepts the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Lynn*, 12th Dist. Butler Nos. CA2017-08-129 and CA2017-08-132, 2018-Ohio-3335, ¶ 15. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12.

{¶ 13} Sheldon does not dispute the validity of the initial traffic stop but makes two general arguments that her motion to suppress should have been granted. She first argues that her vehicle was searched without a warrant and without sufficient probable cause. Further, she maintains the statements she made to law enforcement and the evidence recovered following her arrest should have been suppressed.

**Vehicle Search**

{¶ 14} We begin with the search of the vehicle. Sheldon argues that her motion to suppress should have been granted because law enforcement lacked probable cause to conduct a warrantless search. "In general, '[t]he Fourth Amendment of the United States Constitution, applied to the states through the Fourteenth Amendment, protects persons against unreasonable searches and seizures.'" *State v. Richardson*, 10th Dist. Franklin No. 15AP-870, 2016-Ohio-5801, ¶ 18, quoting *State v. Jones*, 9th Dist. Lorain No. 12CA010270, 2013-Ohio-2375, ¶ 8. For a search or seizure to be reasonable, it must be based on

- 4 -

probable cause and executed pursuant to a warrant, unless an exception to the warrant requirement applies. *State v. Braxton*, 12th Dist. Warren No. CA2019-03-019, 2020-Ohio-424, ¶ 14.

{¶ 15} One of the exceptions to the Fourth Amendment mandates is the automobile exception. *State v. Welch*, 18 Ohio St.3d 88, 91 (1985). Under the automobile exception, a warrantless search of a lawfully stopped automobile is not unreasonable within the meaning of the Fourth Amendment when law enforcement has probable cause to believe the vehicle contains contraband and exigent circumstances necessitate a search or seizure. *Id.* at 91; *State v. Young*, 12th Dist. Warren No. CA2011-06-066, 2012-Ohio-3131, ¶ 34.

{¶ 16} On appeal, Sheldon does not discuss the automobile exception to the warrant requirement and fails to address several critical facts. Sheldon's analysis does not include a discussion of the fact that Officer Kunka smelled raw marijuana when Sheldon opened her door and makes only passing reference to the fact that Officer Kunka actually observed marijuana in the vehicle.[1] Nevertheless, Sheldon argues that she was cooperative when Officer Kunka pulled her over and that once she provided her license and insurance "the officer should have issued an equipment violation citation and moved on."

{¶ 17} Following review, we find Sheldon's arguments are without merit. The supreme court has held that the smell of marijuana alone by an officer experienced in smelling it is sufficient probable cause to search a vehicle. *State v. Moore*, 90 Ohio St.3d 47, 50-51 (2000); *State v. Lynn*, 12th Dist. Butler Nos. CA2017-08-129 and CA2017-08-132, 2018-Ohio-3335, ¶ 20. The evidence in this case was even stronger than the facts before the supreme court in *Moore*, as Officer Kunka both smelled marijuana and observed it in plain view. *State v. Owensby*, 12th Dist. Butler No. CA2021-08-092, 2022-Ohio-1702,

---

1. She merely notes the marijuana was not sent to a lab for analysis.

¶ 39-41; *State v. Blevins*, 8th Dist. Cuyahoga No. 103200, 2016-Ohio-2937, ¶ 27. In addition, Officer Kunka made additional observations about Sheldon's demeanor in considering the totality of the circumstances, i.e., Sheldon's nervousness. This is a case where law enforcement clearly had probable cause to search Sheldon's vehicle. The warrantless search of Sheldon's vehicle was justified because of the imminent danger that the evidence could be lost or destroyed if not conducted immediately. *Moore* at 52. This is due to the vehicle's mobility and because narcotics are easily and quickly hidden or destroyed. *Id*; *State v. Mills*, 62 Ohio St.3d 357, 367 (1992). Accordingly, we find no constitutional infirmity with the warrantless search of Sheldon's vehicle.

**Statements Made and Evidence Taken Following Arrest**

{¶ 18} Sheldon next argues that the evidence recovered following her arrest and the statements she made to Officer Kunka should have been suppressed. As noted above, after she arrested Sheldon, Officer Kunka provided Sheldon with her *Miranda* rights and placed her in the cruiser. On the way to Jail, Sheldon volunteered that she had additional methamphetamine in her bra to Officer Kunka. Officer Kunka then asked Sheldon if she had anything else in her possession and warned her that taking any other items of contraband into the jail may subject her to additional penalties. Sheldon said she had "just the meth."

{¶ 19} Sheldon provides no persuasive authority to support her claims that the statements she made should be suppressed. She claims to have had a right to counsel and submits that oral statements "obtained by law enforcement in violation of the guarantees of the Fifth, Sixth, and Fourteenth Amendments" are inadmissible in court proceedings. However, Sheldon does not dispute that Officer Kunka provided her with her

*Miranda* rights and there is no suggestion that Sheldon requested counsel.[2] We also note Sheldon initiated the conversation with Officer Kunka. *Edwards v. Arizona*, 451 U.S. 477, 484-485, 101 S.Ct. 1880 (1981); *State v. Clifton*, 12th Dist. Brown No. CA2017-02-002, 2017-Ohio-9099, ¶ 13 (where individual gave statement of their own volition and not the result of in-custody interrogation no constitutional violation occurred).

{¶ 20} Notwithstanding, Sheldon then generally suggests that the statements should have been suppressed because the search of her vehicle was improper and therefore "any such statement made or subsequent material recovered (the drugs and knives in her bra) are all fruit of the proverbial poisonous tree." However, Sheldon fails to apply the facts and circumstances in any convincing way and further fails to articulate any persuasive authority supporting her conclusions.

{¶ 21} Following review, we find the trial court did not err by denying Sheldon's motion to suppress. The evidence from the stop and search, and subsequent statements, were permissible at trial. The evidence submitted during the suppression hearing is that after Officer Kunka provided Sheldon with her *Miranda* rights, Sheldon provided voluntary statements about the methamphetamine in her bra and that she had nothing else in her possession. All aspects of the stop and search were permissible and any statement Sheldon provided was not "fruit of the poisonous tree." There is simply no constitutional violation, as Sheldon was permitted to waive any right against self-incrimination and make a statement. *State v. Wesson*, 137 Ohio St.3d 309, 2013-Ohio-4575, ¶ 34. Sheldon has not established any constitutional infirmity supporting suppression. Sheldon's first assignment of error is overruled.

---

2. Law enforcement does not violate a suspect's Fifth Amendment right to an attorney when a suspect does not unambiguously request counsel. *State v. Williams*, 99 Ohio St.3d 439, 2003-Ohio-4164, ¶ 32; *Davis v. United States*, 512 U.S. 452, 114 S.Ct. 2350 (1994).

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AS THERE WAS INSUFFICIENT EVIDENCE TO CONVICT.

{¶ 24} Assignment of Error No. 3:

{¶ 25} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BECAUSE THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 26} Sheldon's second and third assignments of error allege her convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. Sheldon does not contest the guilty finding on Count 2 involving the charge of possession of methamphetamine. However, she argues that Counts 1 and 4 for drug trafficking and the possession of drug paraphernalia are not supported by evidence. She further argues that Count 3 for illegally conveying weapons into the grounds of a detention facility is unsupported.

{¶ 27} The concepts of sufficiency of the evidence and weight of the evidence are legally distinct. *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, as this court has observed, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 28} A manifest weight challenge scrutinizes the proclivity of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another. *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether

a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

**Count 1 and Count 4 Trafficking and Paraphernalia Charges**

{¶ 29} The trafficking in drugs statute provides that "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or controlled substance analog is intended for sale or resale by the offender or another person." R.C. 2925.03(A)(2). Additionally, the possession of drug paraphernalia statute states "no person shall knowingly use, or possess with purpose to use, drug paraphernalia." R.C. 2925.14(C)(1). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶ 30} Sheldon makes the same argument for Count 1 and Count 4. Namely, she claims there was insufficient evidence to show she was trafficking in drugs (or possessing drug paraphernalia). In her argument, Sheldon states that if she had known there were drugs in the magnetic box "it is reasonable to conclude" that she would have either locked the magnetic box or placed it somewhere else. Presumably, she means that she would have placed the drugs in a location where she could have better concealed her crime. In sum, Sheldon argues that her actions on the night of her arrest "show a lack of awareness" regarding the drugs and drug paraphernalia found in the magnetic box because she pulled her vehicle over and was cooperative.

{¶ 31} However, the jury, as the trier of fact, was in the best position to determine the credibility of witnesses and weight to be given to the evidence. *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 41. The jury heard evidence that Sheldon possessed a large amount of drugs consistent with trafficking and was also in the possession of other items commonly used in the trafficking of drugs. Sheldon was in possession of a digital scale, large amounts of cash, plastic baggies, and an item commonly used to break up solid chunks of methamphetamine. Sheldon essentially argues that because the drugs were found easily in an unlocked box that it was "reasonable to conclude" that she was not guilty. However, this is simply not a compelling argument. It invites speculation and ignores the overwhelming evidence presented at trial. The jury was tasked with determining whether the state proved the charges against Sheldon beyond a reasonable doubt and after hearing the evidence found her guilty. Contrary, to her arguments made in this appeal, we find her convictions for aggravated trafficking in drugs and misdemeanor possession of drug paraphernalia are supported by sufficient evidence and are not against the manifest weight of the evidence.

**Count 3 Illegal Conveyance Charge**

{¶ 32} Additionally, Sheldon was convicted of illegal conveyance of weapons into a detention facility in violation of R.C. 2921.36(A)(1), which prohibits the knowing conveyance of deadly weapons into a detention facility. Sheldon admits that she possessed knives but argues that she did not do so "knowingly." Sheldon claims she had been forthcoming about the drugs in her bra and it "is reasonable to conclude she was nervous and forgot about them." Sheldon asks "Why would she admit there was meth in her bra as she was being processed and consent to being searched, but not mention the knives as they searched her?"

{¶ 33} However, Sheldon's argument as to this count is similarly without merit. In

the present case, Sheldon was arrested and placed in the back of a police cruiser. She informed Officer Kunka that she had methamphetamine in her bra. Officer Kunka asked Sheldon if she had any other contraband and warned her that taking additional items into the Jail would result in an additional charge. Despite being provided with ample opportunity to do so, Sheldon never disclosed that she had knives concealed in her bra when she was searched at the Warren County Jail. Her "reasonable" explanation offered to negate her culpability was obviously not credible to the jury. A conviction is not against the manifest weight of the evidence simply because the jury chose to not believe the accused. *State v. Sias*, 12th Dist. Madison Nos. CA2010-01-001 and CA2010-02-003, 2010-Ohio-3566, ¶ 18.

{¶ 34} Following review, we find Sheldon's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence. Sheldon's second and third assignments of error are overruled.

{¶ 35} Assignment of Error No. 4:

{¶ 36} THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS.

{¶ 37} In her fourth assignment of error, Sheldon argues she received ineffective assistance of counsel because her trial counsel failed to present expert testimony regarding drug trafficking. Sheldon states "[i]t would have helped the jury to hear from an expert other than the police as to if [sic] the items recovered from the car were indicative of drug trafficking." Sheldon further argues that counsel should have had items in the car dusted for fingerprints.

{¶ 38} To prevail on an ineffective assistance of counsel claim, Sheldon must show her trial counsel's performance was deficient, and that she was prejudiced as a result. *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 39. Trial counsel's

performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Id.* To show prejudice, Sheldon must establish that, but for her trial counsel's errors, there is a reasonable probability that the result of her trial would have been different. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49.

{¶ 39} The failure to call an expert and instead rely on cross-examination does not typically constitute ineffective assistance of counsel. *State v. Green*, 12th Dist. Warren No. CA2017-11-161, 2018-Ohio-3991, ¶ 43. It is generally a legitimate trial strategy for defense counsel not to present expert testimony and instead rely upon cross-examination to rebut evidence of a crime. *State v. Cooperstein*, 12th Dist. Warren No. CA2018-09-117, 2019-Ohio-4724, ¶ 27. In many criminal cases, such a decision by trial counsel is unquestionably tactical because such an expert might uncover evidence that further inculpates the defendant. *Green* at ¶ 43. Further, even if the wisdom of such an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980).

{¶ 40} We find nothing to suggest that trial counsel's failure to call an expert was anything other than a reasonable, tactical decision. Sheldon's speculation that her trial counsel could have created doubt if counsel would have obtained an expert or requested fingerprint dusting is entirely that—speculation. Sheldon cannot establish that there is a reasonable probability that the outcome of the trial would have been different, particularly in light of all the evidence eliminating any doubt as to her guilt. In this case, there was substantial evidence that Sheldon was found in possession of large amounts of methamphetamine, cash, a digital scale, and baggies. Sheldon's identification cards were found in the same bag. Accordingly, Sheldon was not denied effective assistance of counsel. Sheldon's fourth assignment of error is overruled.

{¶ 41} Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.