[Cite as *State v. Chisenhall*, 2024-Ohio-1918.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|                              |   |                                          |
|------------------------------|---|------------------------------------------|
| STATE OF OHIO,               | : |                                          |
| Appellee,                    | : | CASE NO. CA2023-08-058                    |
|                              | : | O P I N I O N                            |
| - vs -                       |   | 5/20/2024                                |
|                              | : |                                          |
| GARY L. CHISENHALL, JR.,     | : |                                          |
| Appellant.                   | : |                                          |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2022-CR-00927

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

Roger W. Kirk, for appellant.

**S. POWELL, P.J.**

{¶ 1}  Appellant, Gary L. Chisenhall, Jr., appeals his conviction in the Clermont County Court of Common Pleas after a jury found him guilty of 25 felony offenses; those offenses being, one count of second-degree felony endangering children, 19 counts of third-degree felony unlawful sexual conduct with a minor; two counts of fourth-degree felony corrupting another with drugs; one count of fourth-degree felony gross sexual

imposition; and two counts of fifth-degree felony disseminating matter harmful to a juvenile. For the reasons outlined below, we affirm Chisenhall's conviction for all 25 offenses.

## Facts and Procedural History

{¶ 2} On October 11, 2022, the Clermont County Grand Jury returned a 46-count indictment against Chisenhall. Chisenhall was at this time 44 years old. As set forth within the indictment, Counts 1 and 2 charged Chisenhall with two counts of fourth-degree felony corrupting another with drugs in violation of R.C. 2925.02(A)(4)(a); Counts 3 through 12 charged Chisenhall with ten counts of second-degree felony endangering children in violation of R.C. 2919.22(B)(5); Counts 13 through 34 charged Chisenhall with 22 counts of third-degree felony unlawful sexual conduct with a minor in violation of R.C. 2907.04(A); Counts 35 and 36 charged Chisenhall with two counts of fourth-degree felony gross sexual imposition, one in violation of R.C. 2907.05(A)(1) with the other in violation of R.C. 2907.05(A)(5), and Counts 37 through 46 charged Chisenhall with ten counts of fifth-degree felony disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1). The following day, on October 12, 2022, Chisenhall was arraigned and entered a not guilty plea to all 46 charged offenses.

{¶ 3} According to the bill of particulars, the underlying facts giving rise to these 46 charges began coming to light on the night of June 29, 2022, and into the early morning hours of June 30, 2022. During that time, Chisenhall was alleged to have provided marijuana laced brownies to his long-term, on-again-off-again, live-in girlfriend's then 15-year-old child, Phallon, and that child's then 15-year-old best friend, Alyx.[1] The brownies, however, did not agree with either of the children and the children became heavily

---

1. This court has changed the victims' names for purposes of issuing this opinion.

intoxicated. Upon the children becoming intoxicated, and knowing that Alyx was impaired, the bill of particulars alleges that Chisenhall removed Alyx's "breast from her shirt and bra and fondled her breast without her consent." The record indicates that Chisenhall's fondling of Alyx's breast ultimately resulted in the police being called and an investigation into Chisenhall's conduct initiated.

{¶ 4} Continuing, the bill of particulars alleges that shortly after the investigation into Chisenhall's conduct began, Alyx reported to a forensic interviewer that during the preceding six months, beginning around her fifteenth birthday, she and Chisenhall had been "engaged in an ongoing sexual relationship" that included them having vaginal intercourse up to four times a week. Alyx also reported that Chisenhall had provided her with a "secret phone" that he used on "numerous occasions" to conduct video chats with her. The bill of particulars alleges that during these video chats Chisenhall would oftentimes "display[] his penis" and "almost always" masturbate. This is in addition to the thousands of sexually charged text messages and emails that Chisenhall and Alyx had exchanged during those preceding six months. The bill of particulars alleges that the last sexual encounter between Chisenhall and Alyx occurred on July 11, 2022, nearly two weeks after the incident involving the laced marijuana brownies, following which a rape kit was performed that recovered Chisenhall's DNA on Alyx's body and "male DNA was found in swabs from her vagina."

{¶ 5} On June 5 through 8, 2023, the trial court held a four-day jury trial on the matter. On the third day of trial, and based on the testimony that had been elicited directly from Alyx, the state moved to dismiss 13 of the 46 total charges for which Chisenhall was then being tried; those charges being, Counts 5 through 12 charging Chisenhall with eight counts of second-degree felony endangering children in violation of R.C. 2919.22(B)(5); Counts 23, 27, and 31 charging Chisenhall with three counts of third-degree felony

- 3 -

unlawful sexual conduct with a minor in violation of R.C. 2907.04(A); and Counts 45 and 46 charging Chisenhall with two counts of fifth-degree felony disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1). The trial court granted the state's motion and thereafter dismissed each of those 13 charges with prejudice. Following the trial court's dismissal, and after both parties had rested and given their respective closing arguments, the 33 remaining charges were presented to the jury for deliberations.

{¶ 6} Upon the conclusion of the jury's deliberations, which the record indicates lasted several hours and required the trial court to provide the jury dinner, the jury returned verdicts finding Chisenhall guilty of 25 of those 33 remaining offenses; those offenses being, Counts 1 and 2 charging Chisenhall with two counts of fourth-degree felony corrupting another with drugs in violation of R.C. 2925.02(A)(4)(a); Count 3 charging Chisenhall with one count of second-degree felony endangering children in violation of R.C. 2919.22(B)(5); Counts 13 through 22, 24 through 26, 28 through 30, and 32 through 34 charging Chisenhall with 19 counts of third-degree felony unlawful sexual conduct with a minor in violation of R.C. 2907.04(A); Count 36 charging Chisenhall with one count of fourth-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(5); and Counts 37 and 38 charging Chisenhall with two counts of fifth-degree felony disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1).

{¶ 7} The jury returned verdicts of not guilty on seven of the other eight remaining offenses; those offenses being, Count 4 charging Chisenhall with one count of second-degree felony endangering children in violation of R.C. 2919.22(B)(5), and Counts 39 through 44 charging Chisenhall with six counts of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1). The other remaining offense, Count 35, which charged Chisenhall with one count of fourth-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(1), was dismissed by the trial court upon the state's motion

after learning the jury was deadlocked on that charge and unable to reach a verdict.

{¶ 8} On July 21, 2023, the trial court held a sentencing hearing. During this hearing, the trial court sentenced Chisenhall to serve a total, aggregate, and indefinite sentence of a minimum 17-and-one-half years in prison to a maximum of 18-and-one-half years in prison, less 294 days of jail-time credit. The trial court also classified Chisenhall a Tier II sex offender and advised Chisenhall that he would be subject to a mandatory five-year postrelease control term upon his release from prison. Approximately three weeks later, on August 16, 2023, Chisenhall filed a notice of appeal from his conviction. Following briefing by both parties, Chisenhall's appeal was submitted to this court for consideration on April 3, 2024. Chisenhall's appeal now properly before this court for decision, Chisenhall has raised nine assignments of error for review.

**Chisenhall's Appeal and Nine Assignments of Error for Review**

*Assignment of Error No. 1:*

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF GARY BY ABUSING ITS DISCRETION IN NOT DECLARING A MISTRIAL DUE TO COURTROOM SPECTATOR'S OUTBURST IN PRESENCE OF THE JURY.

{¶ 10} In his first assignment of error, Chisenhall argues the trial court committed plain error by not sua sponte declaring a mistrial. To support this argument, Chisenhall argues the trial court should have declared a mistrial after there was "outburst" by an "unidentified courtroom spectator" announcing to the court, and within the presence of the jury, that Alyx, who just moments before had finished testifying and exited the courtroom, was now "having a mental breakdown out in the courtroom hallway." However, despite Chisenhall's claim, the record indicates that no such "outburst" ever occurred, let alone an "outburst" by an "unidentified courtroom spectator" in the presence of the jury.

{¶ 11} The record instead indicates that it was the trial court's bailiff who approached the bench to notify the trial court that Alyx was at that time "having a mental breakdown in the hallway." The record indicates that the bailiff did this a short distance away from one of the bench's two small, non-amplified microphones in a low, hushed, and whispered voice. The record also indicates that the bailiff did this while turned away from the jury and while the state's next witness, Alyx's mother, was making her way into the courtroom to testify. The trial court, having been asked by the state to review the record and determine the accuracy of the trial court transcript regarding this supposed "outburst," noted that it had conducted an extensive review of the audio recording of this portion of the trial and was "satisfied that the 'whisper' uttered at the bench only, and not in open court for all to hear, could not have been heard by any juror." Chisenhall has presented no evidence to refute this finding. Therefore, given the record in this case, the trial court did not err, plain or otherwise, by not sua sponte declaring a mistrial under these circumstances. Accordingly, Chisenhall's first assignment of error lacks merit and is overruled.

*Assignment of Error No. 2:*

{¶ 12} THE TRIAL COURT ERRED TO GARY'S PREJUDICE BY NOT GRANTING HIS PRO SE MOTION TO DISMISS DUE TO VIOLATION OF HIS SPEEDY TRIAL RIGHT.

{¶ 13} In his second assignment of error, Chisenhall argues the trial court erred by not granting, or even addressing, his pro se motion to dismiss based on speedy trial grounds.[2] However, because criminal defendants are not entitled to hybrid representation, *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 32, and because

---

2. Chisenhall filed his pro se motion to dismiss with the trial court on April 24, 2023.

- 6 -

Chisenhall was at all times represented by counsel in this case, the trial court had no obligation to grant, rule on, or even consider, Chisenhall's pro se motion to dismiss that he filed in this case. *See, e.g., State v. Childs*, 12th Dist. Butler No. CA2009-03-076, 2010-Ohio-1814, ¶ 44 ("[t]he trial court had no obligation to rule on Childs' pro se motion to dismiss on speedy trial grounds because Childs was represented by counsel in this case, and therefore, was not entitled to represent himself as well, since criminal defendants in this state are not entitled to hybrid representation"). Chisenhall's claim otherwise is meritless.

{¶ 14} "A criminal defendant 'has the right to representation by counsel or to proceed pro se with the assistance of standby counsel,' but these two rights are 'independent of each other and may not be asserted simultaneously.'" *State v. Colquitt*, 12th Dist. Warren No. CA2022-05-028, 2022-Ohio-4448, ¶ 42, quoting *Martin*. "The purpose of banning hybrid representation is two-fold: first, hybrid representation allows a defendant to address a jury in his capacity as counsel without being subject to cross-examination in his capacity as a defendant; second, hybrid representation 'complicates and prolongs a trial, to the detriment of jurors and the judicial system because there is a queue waiting for attention.'" *State v. Ward*, 8th Dist. Cuyahoga Nos. 104493 and 104495, 2017-Ohio-933, ¶ 12, quoting *United States v. Oreye*, 263 F.3d 669, 673 (7th Cir.2001). The trial court, therefore, acted properly by not addressing Chisenhall's pro se motion to dismiss in this case.

{¶ 15} Regardless, even if it had been Chisenhall's trial counsel rather than Chisenhall himself who had moved for dismissal based on speedy trial grounds, thereby prompting the trial court to rule on the motion, the trial court would have been obligated to overrule the motion given the various speedy trial time waivers and tolling events that occurred this case. That Chisenhall claims to not have agreed to any of those time

waivers is immaterial for "it is well-established that '[a] defendant is bound by his counsel's waiver of speedy trial rights, even though the waiver might have been executed without his consent.'" *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 31, quoting *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 33. "That is to say, 'a defendant is bound by the actions of counsel in waiving speedy trial rights by seeking or agreeing to a continuance, even over the defendant's objections.'" *State v. Rodandello*, 12th Dist. Preble No. CA2022-01-001, 2022-Ohio-2460, ¶ 23, quoting *State v. Glass*, 10th Dist. Franklin No. 10AP0558, 2011-Ohio-6287, ¶ 17. This applies to both a defendant's statutory right to a speedy trial and the defendant's constitutional right to a speedy trial. *State v. Blauvelt*, 12th Dist. Butler No. CA2007-01-034, 2007-Ohio-5897, ¶ 13. Therefore, finding no merit to any of Chisenhall's arguments raised herein, Chisenhall's second assignment of error also lacks merit and is overruled.

*Assignment of Error No. 3:*

{¶ 16} THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING MAYERSON CENTER INTERVIEWER * * * TO TESTIFY REGARDING INADMISSIBLE HEARSAY STATEMENTS ELICED (sic) DURING HER FORENSIC INTERVIEWS OF [ALYX] AND STATEMENTS FROM [ALYX'S HIGH SCHOOL FRIEND AND ALYX'S MOTHER].

{¶ 17} In his third assignment of error, Chisenhall argues the trial court erred by admitting into evidence several inadmissible hearsay statements attributed to Alyx that were elicited from three of the state's witnesses. Those three witnesses being Alyx's forensic interviewer, Alyx's high school friend, and Alyx's mother. We disagree.

{¶ 18} Despite Chisenhall's claims, the challenged testimony attributed to Alyx elicited from her forensic interviewer was admissible for purposes of medical diagnosis or

- 8 -

treatment pursuant Evid.R. 803(4). *See State v. Arnold*, 126 Ohio St.3d 290, 2010-Ohio-2742, ¶ 37-41 (holding that a child-victim's statements to a social worker were for the purpose of medical diagnosis when the child identified the perpetrator, discussed the type of abuse alleged, gave a time frame of the alleged abuse, and identified the areas where the child had been touched); *see, e.g., State v. Turner*, 12th Dist. Brown No. CA2019-05-005, 2020-Ohio-1548, ¶ 52-56 (testimony from a child-victim's forensic interviewing relaying the victim's statements identifying appellant as her abuser, describing several different incidents of inappropriate sexual contact between herself and appellant, and identifying the areas that appellant touched her and forced her to touch him were admissible for purposes of medical diagnosis and treatment); and *State v. Smith*, 12th Dist. Clermont No. CA2019-10-075, 2020-Ohio-4008, ¶ 46 ("[t]hat [appellant] requested nude photographs, showed pornography to [his pre-teen victim], supplied her with alcohol, and taught her how to masturbate were all answers to questions designed to determine the extent of the abuse by [appellant] and were made for the purpose of forming a medical diagnosis"). "This exception applies even to statements made to psychological caregivers, therapists and social workers." *State v. Grimm*, 12th Dist. Clermont No. CA2018-10-071, 2019-Ohio-2961, ¶ 12, citing *State v. Muttart*, 116 Ohio St.3d 5, 2007-Ohio-5267, ¶ 56.

{¶ 19} Moreover, contrary to Chisenhall's assertion otherwise, the challenged testimony from Alyx's high school friend about the text messages that Alyx had sent to him shortly after Chisenhall had provided her with a marijuana laced brownie were admissible as present sense impressions under Evid.R. 803(1). *See, e.g., State v. Kapitula*, 12th Dist. Clermont No. CA2020-03-10, 2020-Ohio-6664, ¶ 16 ("the alleged hearsay falls within the present sense impression exception because [the declarant] was communicating his observations of appellant over the phone to [the testifying witness] as

it occurred"). A present sense impression is a "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness." Evid. R. 803(1). And, while Chisenhall presents an alternative argument, the challenged testimony from Alyx's mother about what she heard an unidentified speaker say about the text messages that Alyx had sent to her high school friend was not "hearsay" as that term is defined by Evid.R. 801(C). *See State v. August*, 12th Dist. Warren No. CA2018-12-136, 2019-Ohio-4126, ¶ 22 ("[p]ursuant to Evid.R. 801(C), hearsay is defined as a 'statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' Thus, an out-of-court statement that has a relevant purpose and is not offered for its truth is not hearsay").

{¶ 20} Nevertheless, even if we were to find the trial court erred by admitting into evidence any of the challenged testimony set forth above, which we do not, any such error would be harmless. "[T]he admission of hearsay evidence is harmless error where it is merely cumulative." *State v. Robinson*, 12th Dist. Butler No. CA2015-01-013, 2015-Ohio-4533, ¶ 30. That is to say, "in those cases 'where a declarant is examined on the same matters as contained in impermissible hearsay statements and where admission is essentially cumulative, such admission is harmless.'" *State v. Sims*, 12th Dist. Butler No. CA2007-11-300, 2009-Ohio-550, ¶ 17, quoting *State v. Thomlinson*, 33 Ohio App.3d 278, 281 (12th Dist.1986). That is exactly what occurred here. Therefore, because Alyx took the stand and testified consistent with the statements attributed to her by her forensic interviewer, her high school friend, and her mother, any error the trial court may have made by admitting the challenged testimony elicited from those three witnesses would constitute, at worst, harmless error. Pursuant to Crim.R. 52(A), "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."

- 10 -

Accordingly, finding no error, plain or otherwise, in the trial court's decision to admit into evidence any of the alleged inadmissible hearsay statements attributed to Alyx for which Chisenhall challenges herein, Chisenhall's third assignment of error likewise lacks merit and is overruled.

*Assignment of Error No. 4:*

{¶ 21} THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING CERTAIN STATE'S EVIDENTIARY EXHIBIT INTO EVIDENCE.

{¶ 22} In his fourth assignment of error, Chisenhall argues the trial court erred by admitting several of the state's exhibits into evidence. Those exhibits being Exhibits 6, 7, 10, and 16.[3] However, outside of Chisenhall claiming that those exhibits should have been excluded by the trial court "on the grounds they were hearsay" and "primarily irrelevant," Chisenhall provided no argument to support this contention or reasons in support of this contention with citations to any legal authority within his appellate brief.

{¶ 23} "The burden of affirmatively demonstrating error on appeal and substantiating one's arguments in support thereof falls upon the appellant." *State v. Fields*, 12th Dist. Brown No. CA2009-05-018, 2009-Ohio-6921, ¶ 7. To that end, "App.R. 16(A)(7) requires an appellate brief to include reasons in support of an assignment of error with citations to authorities, statutes, and parts of the record relied upon." *State v. Crawford*, 12th Dist. Clermont No. CA2023-04-022, 2024-Ohio-691, ¶ 14. "This court may disregard an assignment of error if a party fails to identify in the record the error on which the assignment of error is based as required by App.R. 16(A)." *State v. Powers*, 12th Dist. Clermont No. CA2021-06-026, 2021-Ohio-4357, ¶ 24, citing App.R. 12(A)(2)

---

3. Those exhibits included the previously referenced text messages and emails exchanged between Chisenhall and Alyx during their six-month sexual relationship, as well as the rape kit performed on Alyx shortly after her and Chisenhall's alleged last sexual encounter occurred on July 11, 2022.

("[i]f a party fails to identify the error in the record upon which the assignment is based or argue an assignment as required by App.R. 16(A), an appellate court may disregard the assignment of error"). Therefore, given Chisenhall's noncompliance with App.R. 16(A)(7), we decline to address Chisenhall's fourth assignment of error as permitted by App.R. 12(A)(2).

*Assignment of Error No. 5:*

{¶ 24} THE PROSECUTING ATTORNEY COMMITTED MISCONDUCT BY ASKING REPEATED LEADING QUESTION OF STATE'S WITNESSES AND PRESENTING IMPROPER ARGUMENT TO THE JURY DURING CLOSING ARGUMENT TO GARY'S PREJUDICE.

{¶ 25} In his fifth assignment of error, Chisenhall argues the prosecutor committed prosecutorial misconduct by repeatedly asking Alyx leading questions, by improperly vouching for Alyx's credibility, and by unnecessarily denigrating his trial counsel during the prosecutor's rebuttal closing argument. Chisenhall argues that the prosecutor's conduct, none of which he objected to, constituted plain error that resulted in the jury finding him guilty. We disagree.

{¶ 26} "For a conviction to be reversed on the basis of prosecutorial misconduct, a defendant must prove the prosecutor's acts were improper and that they prejudicially affected the defendant's substantial rights." *State v. Warnock*, 12th Dist. Madison No. CA2023-02-001, 2024-Ohio-382, ¶ 30, citing *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 62. "To demonstrate prejudice, a defendant must show that the improper acts were so prejudicial that the outcome of the trial would clearly have been different had those improper acts not occurred." *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 42. "The focus of an inquiry into allegations of prosecutorial

misconduct is upon the fairness of the trial, not upon the culpability of the prosecutor." *State v. Combs*, 12th Dist. Clermont No. CA2020-01-004, 2020-Ohio-5397, ¶ 19.  A prosecutor's alleged misconduct "is not grounds for error unless the defendant has been denied a fair trial."  *State v. Olvera-Guillen*, 12th Dist. Butler No. CA2007-05-118, 2008-Ohio-5416, ¶ 27.  "Therefore, a finding of prosecutorial misconduct will not be grounds for reversal unless the defendant has been denied a fair trial because of the prosecutor's prejudicial conduct."  *State v. Carpenter*, 12th Dist. Clinton No. CA2022-02-005, 2023-Ohio-2523, ¶ 95.  This is because a defendant is only "guaranteed a fair trial, not a perfect one."  *State v. Miller*, 12th Dist. Preble No. CA2019-11-010, 2021-Ohio-162, ¶ 45.

{¶ 27} Upon review of the record, we do not find the prosecutor's questioning of Alyx, even assuming the prosecutor's questioning of Alyx was considered to be improperly leading, prejudicially affected Chisenhall's substantial rights.  That is to say, Chisenhall cannot show that the prosecutor repeatedly asking Alyx leading questions, whether improper or not, was so prejudicial that the outcome of his trial would have been different had the prosecutor not asked Alyx any of those unobjected-to leading questions. *See State v. Morgan*, 12th Dist. Brown Nos. CA2009-07-029 and CA2009-08-033, 2010-Ohio-1720, ¶ 38 (noting that a prosecutor may ask leading questions to an alleged child sex abuse victim to establish the manner in which the child had been abused and to pinpoint the specific details and times of the abuse).

{¶ 28} The same holds true as it relates to the unobjected-to statements the prosecutor made during rebuttal closing argument that Chisenhall claims constituted improper vouching for Alyx's credibility and the unnecessary denigration of his trial counsel.  Nowhere within the prosecutor's rebuttal closing argument did the prosecutor express a personal belief or opinion as to Alyx's credibility.  *See State v. Elliott*, 8th Dist. Cuyahoga No. 91999, 2009-Ohio-5816, ¶ 42 (noting it would be improper for a prosecutor

to "bolster the testimony of a witness with statements of his or her personal belief in the credibility of the witness's testimony"). The prosecutor also did not express a personal belief or opinion as to Chisenhall's guilt or innocence of the various charges in which he was being tried. *See State v. Baldev*, 12th Dist. Butler No. CA2004-05-106, 2005-Ohio-2369, ¶ 20 (noting that it is improper for the prosecutor to "express his personal belief * * * as to the guilt of the accused"). The prosecutor was instead merely commenting upon the testimony elicited at trial and suggesting conclusions that could be drawn from the testimony and evidence presented at trial. These comments were not improper, but were instead a fair summation of the evidence by the prosecutor. *State v. Gilbert*, 12th Dist. Butler No. CA2010-09-240, 2011-Ohio-4340, ¶ 46 (noting that "[a] prosecutor may comment upon the testimony and suggest the conclusions to be drawn from it").

{¶ 29} Moreover, as it relates to the prosecutor's unobjected-to statements that Chisenhall claims unnecessarily denigrated his trial counsel, the prosecutor was merely commenting that the record did not support Chisenhall's defense theory. That being, a theory that the entirety of Alyx's testimony against Chisenhall was made up and lacking all credibility. This includes the specious claim that, rather than Chisenhall having vaginal intercourse with Alyx as alleged, that it was Alyx who had instead broken into Chisenhall's home in order to rub herself with his belongings in hopes that a rape kit would pick up traces of his DNA on her person. The prosecutor's comments, while likely more than what was necessary to make the same point, were nevertheless fair statements when faced with such a bizarre defense theory advanced by Chisenhall's trial counsel. *See, e.g., State v. Lamb*, 12th Dist. Butler Nos. CA2002-07-171 and CA2002-08-192, 2003-Ohio-3870, ¶ 33 (finding a prosecutor's statements during closing argument that appellants' trial counsel's defense theory was an attempt to "muddy the waters so the jury couldn't see clearly" and that defendant's story was "laughable, ridiculous, and crazy" and based

on "totally incredible testimony" were not improper inflammatory and purely derogative comments that constituted prosecutorial misconduct).

{¶ 30} In so holding, we note that "[a] prosecutor may state his or her opinion if it is based on the evidence presented at trial." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 213. It is only inflammatory and purely derogatory and abusive comments that are improper for the prosecutor to make. *State v. Whitaker*, 169 Ohio St.3d 647, 2022-Ohio-2840, ¶ 96, citing *State v. Brown*, 38 Ohio St.3d 305, 317 (1988). But, "[w]hile inflammatory and purely derogatory or abusive comments are impermissible, this 'does not mean that the prosecution cannot be colorful or creative.'" *State v. Adelman*, 9th Dist. Summit No. 18824, 1998 Ohio App. LEXIS 5849, *13 (Dec. 9, 1998), quoting *Brown*. The prosecutor's comments that Chisenhall argues unnecessarily denigrated his trial counsel in this case were neither inflammatory nor purely derogatory and abusive. The prosecutor's comments instead fall within the permissible category of the colorful and creative. *Compare with State v. Smith*, 14 Ohio St.3d 13, 14-15 (1984) (prosecutorial misconduct occurred where the state not only described the defense as a smoke screen, but repeatedly described the defense as "lies," "garbage," "garbage lies," and a "well-rehearsed lie"). Therefore, because we find no error, plain or otherwise, based on any of the alleged instances of prosecutorial misconduct raised by Chisenhall herein, Chisenhall's fifth assignment of error lacks merit and is overruled.

*Assignment of Error No. 6:*

{¶ 31} GARY CHISENHALL WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE REPRESENTATION OF COUNSEL AT TRIAL.

{¶ 32} In his sixth assignment of error, Chisenhall argues his trial counsel provided him with ineffective assistance of counsel. To support this claim, Chisenhall raises only

one argument that has not already been rejected by this court above when addressing his first five assignments of error. That being, Chisenhall's argument that his trial counsel was ineffective for initially telling the jury during opening statements that he "would testify and detail the reasons he would be found not guilty of all the charges in the case," and then not calling him to the stand to testify in his own defense at trial. This, according to Chisenhall, was prejudicial to him because it left the jury "to speculate as to why he did not fulfill defense counsel's representation that he would testify." We disagree.

{¶ 33} It is well established that "[t]he ultimate decision of whether a defendant will testify on his own behalf is the defendant's." *State v. Ryan*, 6th Dist. Wood No. WD-05-064, 2006-Ohio-5120, ¶ 24, citing *State v. Edwards*, 119 Ohio App.3d 106, 109 (10th Dist.1997). It is equally well established that the choice of which defense to pursue at trial is a matter of trial strategy. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 43, citing *State v. Murphy*, 91 Ohio St.3d 516, 524 (2001). This includes the decision whether to call, or not to call, the defendant to the stand to testify in his own defense. *State v. Gearhart*, 12th Dist. Warren No. CA2017-12-168, 2018-Ohio-4180, ¶ 24; *see, e.g., State v. Smith*, 12th Dist. Clermont No. CA2021-02-009, 2022-Ohio-1984, ¶ 99-102 (finding no merit to appellant's claim that he received ineffective assistance of counsel "for failing to call him to the witness stand at trial"); and *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 56-57 (finding no merit to appellant's "claim that he received ineffective assistance when his trial counsel allowed him to testify in his own defense").

{¶ 34} Given these principles, we find no merit to Chisenhall's claim that he received ineffective assistance of counsel based upon his trial counsel's failure to call him to the stand to testify in his own defense at trial. This is particularly true here when considering the trial court explicitly instructed the jury as part of its final jury instructions:

> The Defendant in his case chose not to testify. It is not necessary that the Defendant take the witness stand in his own defense, and he has a Constitutional right not to testify. The fact that he did not testify must not be considered by you for any purpose.

"A jury is presumed to follow instructions given by the trial court." *State v. Carpenter*, 12th Dist. Butler No. CA2005-11-494, 2007-Ohio-5790, ¶ 20. Therefore, finding no merit to any of Chisenhall's arguments raised herein, Chisenhall's sixth assignment of error also lacks merit and is overruled.

*Assignment of Error No. 7:*

{¶ 35} THE TRIAL COURT ERRED TO GARY'S PREJUDICE AS THERE WAS INSUFFICIENT EVIDENCE TO CONVICT.

*Assignment of Error No. 8:*

{¶ 36} THE TRIAL COURT ERRED TO GARY'S PREJUDICE BECAUSE THE JURY VERDICT WAS AGAINST THE WRIGHT (sic) OF THE EVIDENCE.

{¶ 37} In his seventh and eighth assignments of error, Chisenhall argues his conviction for all 25 offenses for which the jury found him guilty was not supported by sufficient evidence and was against the manifest weight of the evidence. To support these claims, Chisenhall argues that "there was no showing of force or threat of force" ever exerted on Alyx, that Alyx's testimony "was simply not credible," and that the state failed to prove his guilt beyond a reasonable doubt "because of a serious break in the chain of custody evidence for the alleged DNA in this case." But, of the 25 offenses for which the jury found him guilty, none required as an essential element the state to prove he exerted force or a threat of force on Alyx. *See* R.C. 2925.02(A)(4)(a) (corrupting another with drugs); R.C. 2919.22(B)(5) (child endangering); R.C. 2907.04(A) (unlawful sexual conduct with a minor); and R.C. 2907.31(A)(1) (disseminating matter harmful to

juveniles).

{¶ 38} Rather, it was only Count 35, the one count in which Chisenhall was charged with fourth-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(1), that included as an element "force or the threat of force." That charge, however, was dismissed by the trial court upon the state's motion after learning the jury was deadlocked and unable to reach a verdict on that charge. Therefore, contrary to Chisenhall's claim, the fact that the record may be devoid of evidence indicating he exerted "force or the threat of force" on Alyx is immaterial to his conviction for any of the 25 offenses the jury found him guilty. This includes each of the 19 counts of third-degree felony unlawful sexual conduct with a minor as set forth in Counts 13 through 22, 24 through 26, 28 through 30, and 32 through 34.

{¶ 39} Furthermore, because Alyx's credibility, as well as any deficiencies or irregularities in the chain of custody of the alleged DNA evidence, go to the weight of the evidence rather than to that testimony's and evidence's admissibility, it was for the jury, as the trier of fact, to determine whether and to what extent those issues weighed against finding Chisenhall guilty of the 33 offenses submitted to it for deliberations. *See State v. Jones*, 7th Dist. Jefferson No. 00 JE 18, 2002-Ohio-2791, ¶ 94 (a testifying witness' "[c]redibility goes towards weight, not admissibility"); and *State v. Glover*, 12th Dist. Brown No. CA2015-01-003, 2015-Ohio-3707, ¶ 30 ("any deficiencies or irregularities in the chain of custody generally go to the weight of the evidence, not its admissibility"). Given the jury's verdict finding Chisenhall guilty of just 25 of those offenses, the jury clearly found some of Alyx's testimony credible, whereas other portions of her testimony either was not or not as credible as others.

{¶ 40} But, contrary to Chisenhall's claim, while it is clear the jury did not find the entirety of Alyx's testimony credible, such a credibility determination was not error for it is

well established that "a jury is free to believe all, part, or none of the testimony offered by each of the witnesses who appeared before it." *State v. Casey*, 12th Dist. Butler No. CA2023-07-075, 2024-Ohio-689, ¶ 16. A conviction is not against the manifest weight of the evidence simply because the jury chose to believe the testimony and evidence presented by the state rather than what was presented by the defendant. *State v. Sheldon*, 12th Dist. Warren No. CA2023-01-010, 2023-Ohio-2998, ¶ 33. Therefore, because Chisenhall's conviction for all 25 offenses for which the jury found him guilty was supported by sufficient evidence and not against the manifest weight of the evidence, both Chisenhall's seventh and eighth assignments of error lack merit and are overruled.

*Assignment of Error No. 9:*

{¶ 41} THE TRIAL COURT ERRED TO GARY'S PREJUDICE WHEN IT FAILED TO COMPLETELY NOTIFY HIM OF ALL OF THE REAGAN TOKES NOTIFICATIONS AT SENTENCING.

{¶ 42} In his ninth assignment of error, Chisenhall argues the trial court erred by failing to properly provide to him all five of the mandatory Reagan Tokes Law notifications set forth in R.C. 2929.19(B)(2)(c)(i)-(v) when sentencing him for second-degree felony endangering children. *See State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 24 (holding that "when sentencing an offender to a non-life felony indefinite prison term under the Reagan Tokes Law, a trial court must advise the offender of the five notifications set forth in R.C. 2929.19[B][2][c] at the sentencing hearing to fulfill the requirements of the statute," and that the failure to do so requires that the sentence be reversed and remanded for resentencing).

{¶ 43} However, upon review of the record, we find the trial court did, in fact, provide Chisenhall with all five of the mandatory Reagan Tokes Law notifications required

by R.C. 2929.19(B)(2)(c)(i)-(v) at sentencing. The fact that the trial court did not provide Chisenhall with a verbatim, word-for-word recitation of the five mandatory notifications set forth in R.C. 2929.19(B)(2)(c)(i)-(v) is of no consequence. "While the trial court is not required to recite the statutory language verbatim in providing the notifications to the defendant at sentencing, the record must nonetheless reflect that each of the necessary notifications were provided." *State v. Brown Suber*, 12th Dist. Butler No. CA2020-09-099, 2021-Ohio-2291, ¶ 17. The record in this case does just that. Therefore, finding no merit to Chisenhall's argument raised herein, Chisenhall's ninth assignment of error likewise lacks merit and is overruled.

**Conclusion**

{¶ 44} For the reasons set forth above, and finding no merit to any of Chisenhall's nine assignments of error presented for review, Chisenhall's appeal from his conviction for one count of second-degree felony endangering children, 19 counts of third-degree felony unlawful sexual conduct with a minor; two counts of fourth-degree felony corrupting another with drugs; one count of fourth-degree felony gross sexual imposition; and two counts of fifth-degree felony disseminating matter harmful to a juvenile, is denied.

{¶ 45} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.